UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:08-486 |
|---|---|---|
| v. | ) | |
| JASON HENDERSON | ) | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 5th day of January, 2008, between the United States of America, as represented by United States Attorney W. Walter Wilkins, Assistant United States Attorney Robert C. Jendron, Jr.; the Defendant, **JASON HENDERSON**, and Defendant's Attorney, Gregory P. Harris, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges that on or about September 14, 2006, in the District of South Carolina, the Defendant, **JASON HENDERSON**, knowingly did receive and possess a firearm, to wit, a silencer, which was not registered to him in the National Firearms Registration and Transfer Record, a violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

   In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

   > Title 26, United States Code, Section 5861(d), makes it a Federal crime or offense for anyone to possess certain kinds of firearms that are not registered to him in the National Firearms Registration and Transfer Record.

-1-

GPH
JRH

Title 26, United States Code, Section 5845, defines "firearm" as including a silencer as alleged in the indictment, meaning any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant possessed a "silencer," as defined above;

Second: That the "silencer" was not then registered to the Defendant in the National Firearms Registration and Transfer Record; and

Third: That the Defendant knew of the specific characteristics or features of the silencer that caused it to be registrable under the National Firearms Registration and Transfer Record.

It is not necessary for the Government to prove that the Defendant knew that the item described in the indictment was a "silencer" which the law requires to be registered; it is sufficient if the Government has proved beyond a reasonable doubt that the Defendant knew or was aware of the specific characteristics or features of the silencer that caused it to be within the scope of the Act, namely, any device for silencing, muffling, or diminishing the report of a portable firearm defined above, and that it was not then registered to the Defendant in the National Firearms Registration and Transfer Record.

**Possible Penalties for 26 U.S.C. § 5871**

Maximum sentence this count fine of ~~$250,000~~ $10,000 [handwritten initials] (18 U.S.C. § 3571) and/or imprisonment for 10 years and a term of supervised release of not more than 3 years (18 U.S.C. § 3583) plus a special assessment of $100.00 (18 U.S.C. § 3013).

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

(A) <u>Fines:</u> The Defendant understands and agrees that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the Court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

(B) <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address

the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the Court at sentencing by a preponderance of the evidence standard and the Court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### **Merger and Other Provisions**

7. The parties agree that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for his offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that he receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request. The parties further agree that the Government will not oppose a recommendation for a variance by counsel for the Defendant. The parties understand that the recommendation does not bind the Court in any manner and should the Court not accept the recommendation, the Defendant will have no right to withdraw his plea of guilty.

8. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus

a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2009 Jan 05
DATE

January 5, 2009
DATE

January 5, 2009
DATE

JASON R. HENDERSON, Defendant

Gregory P. Harris
Attorney for the Defendant

W. WALTER WILKINS
UNITED STATES ATTORNEY

BY: Robert C. Jendron, Jr.
Assistant U. S. Attorney